**\*NOT FOR PUBLICATION\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ROBERT WALTER MOORE, | : | |
| Plaintiff, | : | Civil Action No. 19-21430 (FLW) |
| v. | : | |
|  | : | **OPINION** |
| HAMILTON TOWNSHIP POLICE DEPARTMENT, | : | |
| Defendant. | : | |

**WOLFSON, Chief Judge:**

Plaintiff *pro se*, Robert Walter Moore ("Plaintiff"), filed this civil rights action against Defendant Hamilton Township Police Department ("Defendant"), asserting that Defendant violated his rights under the Fourth Amendment to the United States Constitution. Presently before the Court is Defendant's motion to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendant's motion to dismiss is **GRANTED**. Plaintiff is given leave to amend his Complaint to state a viable claim against a defendant capable of being subject to suit under 42 U.S.C. § 1983.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

On December 16, 2019, Plaintiff filed a Complaint in this Court against the Hamilton Township Police Department based on the Court's federal question jurisdiction, alleging that Defendant's actions violated his Fourth Amendment rights. (*See* ECF No. 1.) In the Complaint, Plaintiff alleges that, on December 13, 2019, officers from the Hamilton Township Police Department woke him up by banging on his front door and demanding entry. (Compl., at 3.)

1

Plaintiff further alleges that he asked multiple times for a warrant, but that the officers did not produce one. (*Id*.) Then, Plaintiff's brother-in-law allegedly woke up, came upstairs, and opened the door in a stupor. (*Id*.) According to the Complaint, the police then forced entry into Plaintiff's home, which caused him undue stress, public embarrassment, harm to his reputation, and damage to his 13-year-old son's psychological well-being. (*Id*. at 4.)

On January 23, 2020, Defendant filed the instant motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (*See* ECF No. 6.) Defendant makes two arguments in its motion: First, Defendant argues that Plaintiff is unable to bring a direct-action claim under the Fourth Amendment to the United States Constitution, since a claim would only be enforceable through the procedural vehicle of a civil rights statute, such as 42 U.S.C. § 1983. Second, Defendant argues that the Hamilton Township Police Department is not a "person" capable of being subject to suit under Section 1983. Plaintiff opposes the motion to dismiss.

## II.     STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks and citation omitted). While Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Thus, to survive a Rule 12(b)(6) motion to dismiss,

the Complaint must contain sufficient factual allegations to raise a plaintiff's right to relief above the speculative level, so that a claim "is plausible on its face." *Id.* at 570; *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

To determine whether a plaintiff has met the facial plausibility standard mandated by *Twombly* and *Iqbal*, courts within this Circuit engage in a three-step progression. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "outline the elements a plaintiff must plead to state a claim for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Next, the Court "peel[s] away those allegations that are no more than conclusions and thus not entitled to the assumption of trust. *Id.* Finally, where "there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Here, Plaintiff is proceeding *pro se*. "The obligation to liberally construe a *pro se* litigant's pleadings is well-established." *Higgs v. AG of the United States*, 655 F.3d 333, 339 (3d Cir. 2011); *see also Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). "Courts are to construe complaints so as to do substantial justice, keeping in mind that *pro se* complaints in particular should be construed liberally." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (internal quotation marks and citation omitted). "Liberal construction does not, however, require the Court to credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906

(3d Cir. 1997)). "[T]here are limits to [the court's] procedural flexibility. . . . [P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245, 58 V.I. 691 (3d Cir. 2013). "Even a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs*, 984 F. Supp. 2d at 282.

### III.   ANALYSIS

Defendant argues that that Plaintiff cannot bring a direct claim under the Constitution, rather, Plaintiff must only assert a claim under a relevant statute, such as 42 U.S.C. § 1983. Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

It is well-established that Section 1983 provides the appropriate cause of action by which private citizens may seek redress for violations of constitutional rights committed by state officials. *See Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 611, 128 S. Ct. 2146, 170 L. Ed. 2d 975 (2008); *Rich v. New Jersey*, No. 14-2075, 2015 U.S. Dist. LEXIS 61683, at *14-15 (D.N.J. May 12, 2015). Stated differently, a party may not assert claims for relief directly under the United States Constitution against a state entity, but rather, he or she must use the remedies afforded under Section 1983. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906-907 (3d Cir. 1997) ("By itself, Section 1983 does not create any rights, but provides a remedy for violations of

those rights created by the Constitution or federal law."); *see also McGowan v. New Jersey*, No. 08-5841, 2009 U.S. Dist. LEXIS 50463, at *21 (D.N.J. June 16, 2009) ("A claim that a party's Constitutional rights have been violated, however, must be pled under the statutory mechanism for such claims, 42 U.S.C. § 1983.").

Although Plaintiff improperly asserts a claim for relief directly under the Fourth Amendment, the Court will construe the Complaint as asserting claims under 42 U.S.C. § 1983 because of its obligation to liberally interpret a *pro se* litigant's pleading so as to do substantial justice.[1] *See Alston*, 363 F.3d at 234.  Courts in the Third Circuit frequently construe civil rights complaints from *pro se* plaintiffs to include a Section 1983 claim for alleged violations of constitutional rights, even when the complaint does not explicitly reference the statute. *See*, *e.g.*, *Villarreal v. New Jersey*, No. 19-1426, 2020 U.S. App. LEXIS 5337, at *2 n.1 (3d Cir. Feb. 21, 2020); *Waters v. N.Y. City Police Dep't*, No. 15-2842, 2015 U.S. Dist. LEXIS 141505, at *7 (D.N.J. Oct. 19, 2015); *Tariq-Shuaib v. City of Camden*, No. 09-4760, 2011 U.S. Dist. LEXIS 10514, at *3 (D.N.J. Feb. 3, 2011).  Therefore, Plaintiff's constitutional claim will not be dismissed on this ground.

Defendant further argues that Plaintiff's Complaint must be dismissed because a Section 1983 claim can only be brought against a person, and that a police department is not a person amenable to suit under this statute.  To state a claim under Section 1983, a plaintiff must allege that the violation of a right secured by the Constitution or laws of the United States was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011); *see also West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed.

---

[1]  Plaintiff's June 9, 2019 letter opposing dismissal also attempts to assert a claim under 18 U.S.C. § 242, which is a criminal statute not relevant to the present civil litigation.

2d 40 (1988). Generally, personal involvement by the defendant in the alleged constitutional violation is central to a claim under Section 1983, and liability cannot rest on a theory of *respondeat superior*. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Yet, a plaintiff can bring a Section 1983 suit against a municipality "when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell v. Dep't of Social Servs. New York City*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). Nevertheless, it is well-settled that a police department is not a "person" amenable to suit under § 1983. *PBA Local No. 38 v. Woodbridge Police Dept.*, 832 F. Supp. 808, 826 (D.N.J. 1993); *Ayala v. Randolph Township*, No. 12-7809, 2014 U.S. Dist. LEXIS 154213, at *18-19, 2014 WL 5503107 (D.N.J. Oct. 30, 2014). The Third Circuit has recognized that a municipal police department is "merely an administrative arm of the local municipality, and is not a separate judicial entity." *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) (quoting *DeBellis v. Kulp*, 166 F.Supp.2d 255, 264 (E.D. Pa. 2001)).

Therefore, Plaintiff's Complaint against Defendant must be dismissed for failure to state a claim, because a municipal police department is not a "person" capable of being sued as part of a Section 1983 claim. While individual officers or the municipal government may be amenable to suit under Section 1983, Plaintiff has not named either type of defendant in the Complaint. Accordingly, Plaintiff's Section 1983 claim against the Hamilton Township Police Department is dismissed with prejudice. Plaintiff is given leave to file, within 30 days, an amended pleading that names a valid defendant, and asserts viable claims.

## IV. CONCLUSION

In summary, I find that Plaintiff has failed to state a claim against a defendant capable of being subject to suit under 42 U.S.C. § 1983. Accordingly, for the reasons set forth above, Defendant's motion to dismiss is **GRANTED**. An appropriate Order accompanies this Opinion.

DATED: June 18, 2020

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge